IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ABDUL MUHAMMAD, | : | |
| Plaintiff, | : | Case No. 1:12CV379 |
| v. | : | JUDGE J. DLOTT |
| ADAM SALYERS, et al., | : | MAGISTRATE JUDGE BOWMAN |
| Defendants. | : | |

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION
OF CONFIDENTIAL INFORMATION

Undersigned counsel, on behalf of their respective parties, hereby stipulate and agree, and move the Court to enter into the following protective order governing the use of confidential information ("Stipulated Protective Order"). The Order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the disclosure of produced and discovered information, for the protection of third parties and to preserve confidentiality of certain matters. The parties agree to be bound by the terms and restrictions of this Stipulated Protective Order limiting the use of such information as hereinafter provided from the date that each party signs this order.

Each party signing this Stipulated Protective Order and any other person or entity who may subscribe to this Stipulated Protective Order agrees as follows:

**EXHIBIT 1**

## INFORMATION SUBJECT TO THIS ORDER

1.     It is anticipated that some information may inadvertently be (a) conveyed by or contained in a document produced or (b) stated in answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed contrary to a voluntary agreement among counsel, which may include protected information regarding youth services employees and/or youth offenders as prohibited under Ohio Revised Code § 5139.05(D) and Ohio R.C. § 149.43, or may include information about the identities of other institutionalized youth, including but not limited to, medical, mental health, substance abuse, and educational information, or may constitute a security risk, or may include other personal, sensitive information to which the public would not ordinarily have access, including but not limited to, personnel files, disciplinary files, security procedures and policies, institutional maps and/or diagrams, names of individuals who are not a party to this action that may be protected from disclosure under Fed. R. Civ. P. 26(c), or any other statute or regulation restricting disclosure, when justice so requires. The word "document" means all documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure.

2. Any party or non-party that produces or learns of information as to which it then has a reasonable good faith basis in law and fact to believe is of the type described in Paragraph 1 of this Stipulated Protective Order, at the time of production, shall designate such information "Confidential." Information so designated (hereinafter

"Confidential Information") shall thereafter be subject to the provisions of this Stipulated Protective Order.

3. As of the date of this Order, no documents have been produced by either Party.

4. Confidential Information, as described in this Order, shall, if in writing, be stamped on the face of the writing, or shall otherwise be clearly marked "Confidential" or "Confidential Material." The stamp shall be affixed in such a manner that the written material is not obliterated or obscured.

5. Parties may designate, as confidential, any information referenced at any deposition or portion thereof by making such designation on the record at the time of the deposition. If no confidential designation is made during a deposition, the contents shall be treated as confidential under this Stipulated Protective Order until 15 days after receipt of the transcript or 20 days after the court reporter mails copies of the transcripts, whichever is longer. Within that period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by mail upon the court reporter and counsel for all parties. However, if no party orders a copy of the transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition shall only be treated as confidential information for 5 business days.

6. The designation of any material as "Confidential" or "Confidential Material" will also render confidential any copies, excerpts, summaries, disclosures, or other documents containing the substance or content of such material.

7. In the event of an inadvertent disclosure of Confidential Information without proper designation, the producing party shall inform the receiving party of the error. Inadvertent failure to designate any information pursuant to this Stipulated Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. The producing party shall provide within three (3) business days a properly designated set of such Confidential Information to the receiving party, which shall destroy copies of the improperly designated documents and certify such destruction to the producing party.

**PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL INFORMATION"**

8. Confidential information protected by this Stipulated Order may be disclosed only to:

    a. Counsel of record;

    b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel who are engaged in the preparation for and trial of this action;

    c. Ohio Department of Youth Services employees, as needed and pursuant to their specific job duties;

    d.    The court in which this action is pending and persons associated with it;

    e.    Expert consultants;

    f.    Defendants in the presence of their counsel;

    g.    A deponent and his or her attorney, but only during the course of his or her deposition; and

    h.    A court reporter.

    i.    Plaintiff is specifically excluded from the pre-trial viewing or obtaining, either directly or indirectly, any Confidential Information, absent agreement of the parties or a Court order. Confidential Information obtained during any trial in this matter will be governed as set forth in Paragraph 20.

9. If counsel for any party intends to disclose confidential information to any person described in Paragraph 8(e), counsel for that party shall require, prior to disclosure, that such person first read this Stipulated Protective Order, agree to be bound by its terms and submit to the authority of this Court for enforcement of this Stipulated Protective Order, and execute the Acknowledgement and Agreement attached hereto as Exhibit A. That signed Agreement shall be maintained by counsel until the conclusion of this action.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL INFORMATION"

10. While protected by this Stipulated Protective Order, any information designated "Confidential" or "Confidential Material" pursuant to Paragraphs 1-6 of this Stipulated Protective Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the

purposes of this proceeding, and shall not be used by the recipient of the information for purposes of any other proceedings.

11. Unless otherwise agreed in advance in writing by counsel for the parties, in the event any party to this action files with the Court any pleading, motion, exhibit, or other paper that appends, attaches, or discloses any Confidential Information, that party shall file a motion for leave to file the document containing the Confidential Information under seal, and the document shall bear the following legend:

> THIS DOCUMENT IS BEING SUBMITTED FOR FILING UNDER SEAL AND IS SUBJECT TO AN ORDER REGARDING CONFIDENTIAL INFORMATION ENTERED BY THE COURT IN THIS ACTION.

12. Within thirty (30) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals and petitions for review), every person or party or counsel to whom Confidential Information has been furnished or produced shall destroy all copies of any documents containing such Confidential Information, and shall provide the producing party with counsel's certification of that destruction. This paragraph includes deposition exhibits, but not attorney notes. This paragraph does not require any party to return or destroy any documents containing Confidential Information which were filed with the Court. The Department of Youth Services will continue to maintain all institutional records, including records containing Confidential Information, in accordance with its records retention policy and R.C. 149.43, *et seq.*

13. Within thirty (30) days after an entry or order permitting the withdrawal of any attorney of record for any party, that attorney of record and any person acting on

their behalf to whom Confidential Information has been furnished or produced shall destroy all copies of any documents containing such Confidential Information, and shall provide the producing party with withdrawing counsel's certification of that destruction. This paragraph includes deposition exhibits, but not attorney notes. This paragraph does not require any party to return or destroy any documents containing Confidential Information which were filed with the Court.

14. This Stipulated Protective Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding, and may be amended as need may rise by the mutual consent and written agreement of counsel, subject to the ultimate approval of the Court, as provided below.

15. This Stipulated Protective Order shall be without prejudice to the right of any party or non-party to move for a separate protective order or other discovery order as to any such particular document or information, to seek exemptions or restrictions differing from those specified herein, or to challenge the status of any information as being protected by Fed. Civ. R. 26(c), regardless of its designation as Confidential Information by a producing party.

16. After the termination of this proceeding, this Stipulated Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions.

### MODIFICATION AND DISPUTE RESOLUTION

17. If any party disputes the designation of any document as "Confidential," that party shall promptly notify the producing party, in writing, of the objections.  The designating party of the materials shall, within five (5) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the objecting party in writing whether or not it will agree to the requested reclassification.  Counsel shall attempt to resolve the dispute extra-judicially in good faith.

18. If counsel for the parties are unable to resolve such a dispute extra-judicially, then the procedures set forth in Fed. R. Civ. P. 26(c) shall be followed by the party asserting confidentiality.

19. If another court or a government entity or agency, or any other person or entity, subpoenas or orders production of any of the documents or information containing Confidential Information, that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly provide written notice to the party or other person who produced the documents or information, and counsel for the other parties to this action of the pendency of such subpoenas or order as soon as reasonably possible, and, in any event, before the return date of the subpoena or order.  If written notice cannot be provided at least fourteen (14) days before the time for production or other disclosure, the party receiving the subpoena or order shall immediately, in addition to the written notice, give notice by telephone to the party or person who produced the documents or information.  In no event shall production or disclosure be made before notice is given.  The purpose of this Paragraph is to provide the party or person who produced the documents or information the opportunity to

intervene at its own expense to object to the production of documents or information. This Stipulated Protective Order shall not alter a party's or person's obligations to comply with subpoenas or orders of production to produce the documents or information made by a government entity or agency, or any other person or entity.

20. Notwithstanding anything above to the contrary, this Stipulated Protective Order does not and shall not govern the procedures for the use of the documents or information, to which this Stipulated Protective Order applies, at any trial of this matter. Rather, in the event of any trial of this matter, the parties will use their good faith efforts to enter into an agreement as to the use of the documents or information to which this Stipulated Protective Order applies at any such trial, subject to the instructions of the Court.

This Stipulated Protective Order is subject to modification by the Court.

IT IS SO ORDERED.

7/8/13
Date

*Stephanie K. Bowman*
United States Magistrate Judge

APPROVED AND AGREED TO:

/s/David Singleton
David Singleton (#0074556)
Ohio Justice & Policy Center
215 East Ninth Street, Ste. 601
Cincinnati, Ohio 45202
Telephone: (513) 421-1108 ext. 17
FAX: (513) 562-3200
Email: dsingleton@ohiojpc.org
*Attorney for Plaintiff*

/s/Stacy Hannan
Stacy Hannan (0081094)
Thomas N. Anger (0088577)
Office of Ohio Attorney General
Mike DeWine
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233 FAX: (866) 452-9911
stacy.hannan@ohioattorneygeneral.gov
thomas.anger@ohioattorneygeneral.gov
*Attorneys for Defendants*

- 9 -

## EXHIBIT A

County of _____ :
                                 : ss
State of Ohio               :

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, the undersigned, acknowledge that I have received a copy of the "Stipulated Protective Order for the Protection of Confidential Information" entered in this action, which Order is attached hereto as Exhibit 1. I have read the Stipulated Protective Order, and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters which have been designated as "confidential information." I agree not to disclose or disseminate any such confidential information to any person not entitled to receive disclosure of same under the provisions of the Stipulated Protective Order, and to use any such confidential information solely in connection with my participation in this case. I also agree to return to counsel for the party that produces, in accordance with the Stipulated Protective Order, any materials containing designated confidential information as soon as my participation in this case is concluded.

_____      _____
Signature                                        Date

SUBSCRIBED TO AND SWORN BEFORE ME THIS \_\_\_\_ DAY OF _____, 2013.

_____
Notary Public

My commission expires: \_\_\_\_